**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **CRISTOBAL CAMPOS SUBDIAZ,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ROYAL G.T. AUTO PARTS, INC., MICHAEL HUEGEL, individually, and MARK HUEGEL, individually,** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT**

Plaintiff, Cristobal Campos Subdiaz by and through his attorneys, his Complaint against Royal G.T. Auto Parts, Inc., Michael Huegel, individually, and Mark Huegel, individually (herein "Defendants"), states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.* ("IWPCA") for Defendants' failure to pay overtime wages and minimum wages to Plaintiff.

2. Plaintiff customarily worked in excess of 40 hours per week but was not paid overtime wages at the rate of one and a half times his regular rate of pay for all time worked in excess of 40 hours per week. In addition, the Defendants' practice and policy of reimbursing only a portion of Plaintiff's gas and other delivery related expenses for delivering auto parts for Defendants resulted in Plaintiff earning less than the minimum wage set by state law.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

5. Plaintiff Cristobal Campos resides in and is domiciled in this judicial district.

6. Plaintiff Cristobal Campos is a former employee of Defendants. During the course of his employment, Plaintiff Campos handled goods that moved in interstate commerce, including automobile parts.

7. Defendant Royal G.T. Auto Parts, Inc. ("Royal G.T.") is a corporation doing business within this judicial district. Defendant Royal G.T. Auto Parts, Inc. is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

8. Upon information and belief, during the last three years Royal G.T.'s annual gross volume of sales made or business done has exceeded $500,000.00 exclusive of excise taxes.

9. Defendant Royal G.T. was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

10. Defendant Michael Huegel is the President of Royal G.T. and is involved in the day-to-day business operation of Royal G.T. Among other things, Defendant Michael Huegel has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts,

and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

11. Defendant Michael Huegel was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

12. Defendant Michael Huegel resides and is domiciled in this judicial district.

13. Defendant Mark Huegel is the Corporate Secretary of Royal G.T. and is involved in the day-to-day business operation of Royal G.T. Among other things, Defendant Mark Huegel has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

14. Defendant Mark Huegel was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

15. Defendant Mark Huegel resides and is domiciled in this judicial district.

## FACTUAL ALLEGATIONS

16. Defendants operate an automotive parts store that has as a core function the delivery of parts.

17. Plaintiff was a delivery driver for Defendants.

18. Plaintiff was required to work more than 40 hours per week in certain workweeks, but was not paid the premium rate of one- and one-half times his regular rate for all hours worked over 40.

19. All of Plaintiff's hours were paid at $12.00 per hour.

20. Defendants did not fully reimburse Plaintiff for gas, insurance, automobile

expenses and other travel related expenses when he delivered auto parts for Defendants.

21. The Defendants failed to adequately reimburse Plaintiff for expenses incurred on Royal G.T.'s behalf which resulted in Plaintiff being paid less than the Illinois minimum wage and reduced his wages below what the parties agreed at the time of hiring in violation of the Illinois Wage Payment and Collection Act.

22. The travel expenses which were incurred by Plaintiff in delivering Defendants' parts were incurred solely for the benefit of the employer. The requirement that Plaintiff pay these travel expenses constituted a kick-back to the Defendants such that the hourly wages which were paid to the Plaintiff were not paid free and clear of all outstanding obligations to the employer.

**COUNT I**
**Violation of the Fair Labor Standards Act - Overtime Wages**

Plaintiff hereby realleges and incorporates paragraphs 1 through 22 of this Complaint, as if fully set forth herein.

23. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*., for Defendants' failure to pay overtime wages to for all time he worked for Defendants.

24. Plaintiff worked for Defendants and was an "employee" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

25. Defendants were Plaintiff's "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

26. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

27. Plaintiff was directed by Defendants to work, and did work, in excess of 40 hours per week.

28. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked in excess of 40 hours, he is entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

29. Defendants did not compensate Plaintiff at a rate of one and one-half times his regular hourly rate of pay for time he worked in excess of 40 hours in individual workweeks.

30. Defendants' failure to pay Plaintiff overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

31. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

32. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of either Plaintiff's regular rate or the minimum wage rate in the location he worked for all time Plaintiff worked in excess of 40 hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**

Plaintiff hereby realleges and incorporates paragraphs 1 through 32 of this Complaint, as if fully set forth herein.

33. This Court has supplemental jurisdiction over the matters alleged herein pursuant

to 28 U.S.C. § 1367.

34. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

35. At all relevant times herein, Defendants were Plaintiff's "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was Defendants' "employee" within the meaning of that Act.

36. During the course of his employment by Defendants, Plaintiff was not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

37. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of 40 hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

38. Defendants failed to pay Plaintiff one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

39. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

40. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times the greater of either Plaintiff's regular rate or the minimum wage rate in the location he worked for all time Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of the Illinois Wage Payment and Collection Act**

Plaintiff hereby realleges and incorporates paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

41. This count arises from the violation of the IWPCA for Defendants' failure and refusal to pay Plaintiff at the rate agreed by the parties.

42. During the course of his employment with Defendants, Plaintiff was not fully compensated for all time worked in certain work weeks because of Defendants required Plaintiff to pay for gas, insurance, automobile expenses and other travel expenses.

43. Plaintiff was entitled to be paid for all time worked at the rate agreed by the parties.

44. Defendants failure to pay Plaintiff for all time worked at the rate agreed to by the parties violated the IWPCA.

45. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants, as follows:

A. A judgment in the amount of all unpaid wages due, as provided by the IWPCA;

B. Prejudgment interest on the unpaid wages in accordance with 815 ILCS 205/2 and damages as set forth in 820 ILCS 115/14;

C. Liquidated damages in the amount of all unpaid wages in accordance with 820 ILCS 175/95(a)(1);

D. An injunction precluding Defendants from violating the Illinois Wage Payment

and Collection Act, 820 ILCS 115/1 *et seq.*;

E. Reasonable attorneys' fees and costs incurred in filing this action; and

F. Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Violation of the Illinois Minimum Wage Law – Minimum Wages**

Plaintiffs hereby reallege and incorporate paragraphs 1 through 45 of this Complaint, as if fully set forth herein.

46. This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiffs state-mandated minimum wages for all time worked.

47. Because Plaintiff was forced to pay for travel related expenses his wages fell below the Illinois minimum wage.

48. Plaintiff was entitled to be paid at least the Illinois minimum wage for all time worked.

54. Defendants' failure to pay the Illinois minimum wage rate for all time worked violated the minimum wage hour provisions of the IMWL.

55. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: March 15, 2019

**CRISTOBAL CAMPOS SUBDIAZ**

By: _s/Carlos G. Becerra
Attorney for Plaintiff

CARLOS G. BECERRA (ARDC #6285722)
Becerra Law Group, LLC
11 E. Adams St., Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com